April 5, 2019



**VIA ECF**

Hon. Michael A. Hammer, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

RE:   *Merck & Co., Inc., et al. v. Merck KGaA*, **Civil Action No. 16-0266 (ES) (MAH)**

Dear Judge Hammer:

This firm, along with Sidley Austin LLP, represents Plaintiffs Merck & Co., Inc. and Merck Sharp & Dohme Corp. ("Plaintiffs") in the above-referenced matter. We submit this letter jointly with Blank Rome LLP and Debevoise & Plimpton LLP, counsel for Defendant Merck KGaA, Darmstadt, Germany ("Defendant") pursuant to the Court's Order on March 22, 2019. The parties respectfully request that the Court resolve a dispute regarding Plaintiffs' second supplemental initial disclosures, which were served on March 4, 2019, and added Adam Schechter as an individual likely to have discoverable information. The parties have met and conferred in good faith on this issue, but have been unable to reach a resolution.

**Plaintiffs' Position**

The Court should deny Defendant's request to exclude Mr. Schechter. Plaintiffs added Mr. Schechter to their initial disclosures to mitigate the risk that their presentation of critical evidence regarding the effects of Defendant's unlawful actions will be compromised because the previously identified witnesses on this subject, Adele Donohue and Kelley Dougherty, have left the Company. Although they are currently within the subpoena power of the Court, Plaintiffs are concerned that these former employees may become wholly unavailable or be unable or unwilling to prepare for trial. Defendant has not identified any prejudice if Mr. Schechter is permitted to replace these witnesses, nor any reason why taking his deposition now would disrupt the case schedule.

Unable to justify the "extreme sanction" of exclusion under *Pennypack*, Defendant has made the completely unfounded accusation (raised for the first time in this letter brief) that the addition of Mr. Schechter now is the culmination of a months-long scheme to delay disclosing Mr. Schechter so that he could add new facts that would undermine Defendant's experts. Defendant has offered no justification for this baseless attack. In fact, Mr. Schechter's expected testimony will track the subject matter of the previously identified witnesses.

In the alternative, Defendant proposes that, rather than facing the merits of this dispute, the Court defer the issue until closer to trial. But this kick-the-can approach simply promises to create case management issues on the brink of trial. The far more prudent course—consistent with the ordinary course when employee witnesses leave a company—is to resolve this issue by deposing Mr. Schechter now, at a time when no deadlines loom and trial is approximately a year away.

### A. The Importance of Mr. Schechter's Testimony

The subject of Mr. Schechter's testimony is vital to Plaintiffs' case. This case is about Defendant's unlawful use of the "Merck" brand in the United States, and Mr. Schechter will testify about the steps Plaintiffs take to protect and promote that brand and the ways in which that critical work is undermined by Defendant's misconduct, just as Ms. Donohue and Ms. Dougherty were intended to do.[1]

In situations like this one, district courts routinely permit the late disclosure of witnesses as replacements for previously designated individuals who left the company—without regard to whether the former employee remains within the Court's subpoena power.[2] This reflects the practical reality that litigating a lengthy civil case with absentee witnesses could hamper the fair resolution of the dispute in a number of ways.

For example, in this case, Ms. Donohue and Ms. Dougherty's new employers or pursuits may not allow them the necessary time to refresh their memory regarding this complex business dispute, which will undoubtedly be necessary after more than two years away from the Company.[3] In contrast, Mr. Schechter is a current employee and is committed to remaining informed about the issues in this case so that he can testify about them even if he leaves the Company.

In addition, a critical element of the relief Plaintiffs seek is an injunction against Defendant's ongoing misconduct. A significant part of that inquiry concerns the conditions at or near the time of trial, not years earlier when Ms. Donohue and Ms. Dougherty worked at the Company.[4]

More immediately, briefing on summary judgment may require Plaintiffs to submit factual declarations. Plaintiffs cannot compel Ms. Donohue or Ms. Dougherty to provide that testimony, but Mr. Schechter can fill that role.

---

[1] Plaintiffs' other two employee witnesses have no responsibility for protecting and promoting its corporate brand. One is a lawyer who was educated to serve as Plaintiffs' 30(b)(6) witness and the other is the director Plaintiffs' corporate social responsibility program.

[2] *See, e.g.*, *Nuance Commc'ns, Inc. v. ABBYY Software House*, 2012 WL 2838431, at *2 n.4 (N.D. Cal. July 10, 2012) (finding "substantially justified" the addition of two "replacements" for witnesses who have "now left the company"); *Johnson v. Federal Express Corp.*, 2014 WL 65761, at *2–3 (M.D. Pa. Jan. 8, 2014) (finding "substantially justified" the replacement of "previously disclosed corporate witnesses who were no longer available" due to medical leave and retirement); *Ecolab USA Inc. v. Diversey, Inc.*, 2015 WL 2353018, at *8–9 (D. Minn. May 15, 2015) (permitting replacement of departed employees four months after close of discovery); *Cmtys. for Equity v. Mich. High Sch. Ath. Ass'n*, 2001 U.S. Dist. LEXIS 14772, at *14–16 (W.D. Mich. Sept. 14, 2001) ("The Court finds that there is substantial justification for the late disclosure of Daphne Smith and Mike Stearn, since they replaced earlier disclosed witnesses in relevant occupations and will [be] offering testimony on presumably the same issues as their predecessors.").

[3] Defendant offers the self-serving suggestion that Plaintiffs can refresh Ms. Donohue and Ms. Dougherty's recollection with documents while they are on the stand. That would obviously deliver a profound advantage to Defendant, which, without a doubt, will extensively prepare all its witnesses to testify at trial. It would also burden the Court and the jury by making trial less efficient.

[4] Defendant contends that, if Mr. Schechter intends to testify about conditions closer to trial, it should be given an opportunity to depose him at that time. If Defendant's position had merit, there would need to be a fresh round of depositions on the eve of trial in every case involving ongoing misconduct.

### B. The Lack of Prejudice to Defendant

Adding Mr. Schechter now would not prejudice Defendant. Defendant speculates that Mr. Schechter's testimony may implicate issues raised during expert discovery. That possibility is more theoretical than real. None of Defendant's 11 experts cited the testimony of Ms. Donohue or Ms. Dougherty.[5] In the unlikely event that issue were to arise, it could be addressed through supplemental expert discovery.

Adding Mr. Schechter now is also fully consistent with the orderly disposition of this case. No dispositive motions have been filed. No trial date has been set. The parties recently completed 17 depositions in the course of seven weeks. They can surely complete one more in short order.[6]

It is Defendant's proposal that the Court defer this issue that introduces the potential for disruption and delay. During meet and confer, Defendant represented that it does not anticipate the need to replace any of its witnesses. The hypothetical possibility that Defendant may wish to add a witness later is not a reason to postpone Plaintiff's request to add Mr. Schechter now.

The complete lack of prejudice to Defendant also distinguishes this case from every case Defendant has cited in support of its position.[7] Those cases well illustrate that the extraordinary circumstances needed to justify the "extreme sanction" of exclusion are lacking here.[8]

### C. Defendant's Inconsistent Positions Concerning Supplemental Discovery

During the meet and confer on this issue, Defendant revealed that, notwithstanding its objection to the disclosure of Mr. Schechter, it intends to make untimely disclosures in response to an interrogatory served nearly a year ago. That interrogatory asked Defendant to identify the documents it intends to use in support of its unclean hands defense. During discovery, Defendant responded to this request by claiming it was "premature," and refused to provide any

---

[5] Defendant states that at least one of its experts relied on Ms. Dougherty's testimony. That expert included nearly every deposition transcript in his list of "documents considered," but nowhere did he refer, even indirectly, to Ms. Dougherty's (or Ms. Donohue's) testimony.

[6] Defendant has provided its description of recent settlement discussions below. Plaintiffs are limiting their portion of this letter brief to the dispute the Court asked the parties to address in its March 22 order. (Dkt. 126) Plaintiffs will meet and confer with Defendant and provide an update on the status of the settlement negotiations in a separate submission.

[7] In three of Defendant's four cases, the witness was disclosed months after the close of discovery and either a few weeks before trial or in the midst of summary judgment. *Certain Underwriters at Lloyd's v. SSDD*, 301 F.R.D. 391, 397 (E.D. Mo. July 10, 2014) (disclosed seven weeks before trial); *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 720-21 (3d Cir. 1997) (disclosed three weeks before trial); *Doe v. Luzerne Cty.,* 2010 WL 2245578, at *2-3 (M.D. Pa. June 1, 2010) (disclosed as declarant in support of summary judgment). In the fourth, several witnesses were disclosed about six months after discovery and following years of "systematic and repeated violations" of the Court's discovery deadlines. *Gautier-James v. Hovensa,*, 2011 U.S. Dist. LEXIS 109756, at *5-8, 15 (D.V.I. Sept. 27, 2011); *see also Konstantopoulos*, 112 F.3d at 721 (finding that the party had been developing the expert's testimony six months before disclosing her). Moreover, in none of these four cases was there a showing that the excluded testimony would have been important to the case.

[8] *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F. 2d 894, 905 (3d Cir. 1977).

Hon. Michael A. Hammer, U.S.M.J.
April 5, 2019
Page 4

responsive information. On March 13, 2019, Defendant informed Plaintiffs that it will provide an answer before summary judgment motions are filed, on some unnamed date of its choosing.

The same *Pennypack* factors govern the question of whether a party can supplement the record after the close of discovery, whether the supplementation takes the form of an interrogatory response or a Rule 26 disclosure.[9] Defendant argues that its future response will nonetheless be timely because this interrogatory amounts to a premature request for a trial exhibit list. Not so. Interrogatories seeking a list of "each and every document upon which [a party] relies to prove [an] allegation" are "standard interrogatories designed to elicit the facts upon which [that party] bases its claim."[10] Defendant is not permitted to surprise Plaintiffs a month before trial with all the documents from the public domain and overseas proceedings that it hopes to import into this case. It was obligated to provide that information during discovery, and it failed to do so.[11]

There remains a simple solution to these issues: the parties can use the time before dispositive motions are filed to depose Mr. Schechter and complete their disclosures, preventing unfair surprise to either side. But it would be deeply prejudicial if Defendant is permitted to belatedly respond to Plaintiffs' discovery (without any justification for the delay) while Plaintiffs are prevented from supplementing their disclosures to address a legitimate change in circumstances.

**Defendant's Position**

### A. Mr. Schechter's Testimony is Not Necessary At This Time

At this time, Plaintiffs cannot demonstrate that Mr. Schechter's testimony is necessary for the simple reason that Plaintiffs already have at least two witnesses who are available to testify on the exact same topics. In fact, according to Plaintiffs' initial disclosures, at least four of Plaintiffs' witnesses will testify as to the same topics as Mr. Schechter: Ms. Dougherty, Ms. Donohue, Brenda Colatrella, and Gerard Devlin. While the situation could change closer in time to trial, at this time Plaintiffs have no good cause for adding yet another witness.[12]

---

[9] *Quinn v. Consol. Freightways Corp. of Del.*, 283 F.3d 572, 575–78 (3d Cir. 2002).

[10] *Fed. Deposit Ins. Corp. v. Borg-Warner Acceptance Corp.*, 1986 WL 8775, at *1 (D. Or. Jan. 14, 1986); *see also Rivera v. United States*, 2006 WL 1806172, at *1–2 (W.D. Tex. June 29, 2006) (overruling objection that interrogatory seeking documents "upon which the defendants rely in interposing various affirmative defenses" was "premature"); *Future Media Architects, Inc. v. Ideastream Consumer Prod., LLC*, 2009 WL 10667041, at *26 (S.D. Fla. June 4, 2009)(same).

[11] Contrary to Defendant's suggestion, "for sanctions to be imposed under Rule 26(e)" based on a failure to disclose information in response to a discovery request, "there need be no motion to compel." 6 Moore's Federal Practice - Civil § 26.132 (2019).

[12] *Certain Underwriters at Lloyd's v. SSDD*, 301 F.R.D. 391, 395-97 (E.D. Mo. 2014) (excluding new witness where former employee was still available); *Doe v. Luzerne Cty.,* 2010 WL 2245578, *2-3 (M.D. Pa. 2010) (excluding witnesses because testimony was not important even though there was no trial disruption and no bad faith). Each of the cases cited by Plaintiffs in note 2 is distinguishable. With one exception, there was no finding in any of those cases that the former employees were still available, as there is here. The sole exception is *Ecolab,* where one former employee was unavailable but the other was still at the company in a different role. The court allowed a replacement witness for that employee because the replacement took over his position and had the same job responsibilities. That is not the case here.

Plaintiffs' contention that Ms. Dougherty and Ms. Donohue may not be willing to devote time to preparing for their trial testimony is unavailing. If they are subpoenaed to testify at trial, they will presumably tell the truth. Further, if there are matters which they do not clearly recall, trial counsel will have available the hundreds of pages of deposition testimony that each gave, as well as their documentary evidence, to refresh their recollections.

Plaintiffs' observation that they cannot "compel" Ms. Dougherty and Ms. Donohue to submit affidavits for summary judgment is speculative. Plaintiffs do not claim that Ms. Dougherty or Ms. Donohue have actually refused to do so. Given that Ms. Donohue agreed to sit for a deposition months after she had left Plaintiffs' employment, there is no reason to believe she would be unwilling to provide an affidavit. Moreover, Plaintiffs have offered no basis to conclude that affidavits from Ms. Dougherty or Ms. Donohue are necessary for resolution of summary judgment motions. Nor have Plaintiffs explained why they could not rely on the deposition testimony of Ms. Dougherty and Ms. Donohue at the summary judgment stage.

Equally unavailing is Plaintiffs' speculative concern that Ms. Donohue and Ms. Dougherty may move beyond the reach of the Court's subpoena power. Should that occur, and should these witnesses become unavailable, Defendant has already indicated it would be open to conferring about any appropriate replacement.

Plaintiffs' stated desire to have a witness who can testify about ongoing harm as of ***the time of trial*** is also not a basis for adding Mr. Schechter as a witness and taking his deposition ***at this time***. If Mr. Schechter were permitted to testify at trial about such matters, affording Defendant the opportunity to take his deposition now would not, by definition, give Defendant a fair opportunity to question him about his intended testimony. Plaintiffs' desire to have Mr. Schechter testify about new facts that may develop between now and the time of trial supports Defendant's position that the issue of whether Mr. Schechter (or potential new witnesses for Defendant) should be added and deposed should be deferred to closer in time to the trial.

### B.  Plaintiffs Willfully Delayed Disclosure of Mr. Schechter

Plaintiffs have known of Ms. Donohue's and Ms. Dougherty's departures for approximately one year and could have amended their initial disclosures during fact discovery. Instead, they chose to wait until after the close of expert discovery to do so.[13] Plaintiffs have provided no explanation for this delay. Nothing has changed since Plaintiffs learned of their departures, other than the fact that Plaintiffs have now seen Defendant's expert reports (at least one of which indicated that the expert relied upon Ms. Dougherty's testimony) and may have realized that they failed to anticipate with their fact witnesses some of the issues on which the experts have relied.

Further, Plaintiffs' excuse for adding Mr. Schechter—to fill a "hole" left by Ms. Donohue and Ms. Dougherty—has been revealed to be meritless since both witnesses are available to testify. Had Plaintiffs truly wanted to fill a hole, they would have picked witnesses who held comparable

---

[13] *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 720-21 (3d Cir. 1997) (excluding witness where counsel attempted to gain a tactical advantage by delaying disclosure until after close of discovery, despite knowing of need for a new witness for months); *Lloyd's*, 301 F.R.D. at 396 (excluding witness where party failed to show that new witness could not have been disclosed earlier).

positions to the departed witnesses, rather than Mr. Schechter, who held a very different position, and who himself has already retired and is planning to leave the company.[14]

### C. Defendant Will Be Prejudiced[15]

The parties have expended millions of dollars to get through fact and expert discovery. Defendant retained eleven experts to give opinions relying on the facts developed during years of fact discovery. Defendant believes that Plaintiffs' request is based on a desire to obtain a tactical advantage, after the close of all discovery, by having a new witness add new facts to the record to try to undermine the opinions provided by Defendant's experts. If all Mr. Schechter is going to testify to are the same facts to which Ms. Donohue and Ms. Dougherty have testified, there is no need to take his deposition now or consider at this time whether he needs to be added as a new witness. Rather, the parties should focus their efforts on the ongoing settlement discussions.[16]

Further, as discussed below, there may be multiple witnesses that would need to be added if the parties were to replace every single witness on both sides that are still available but no longer employed by the parties. By adding Mr. Schechter now, Plaintiffs would be forcing Defendant to either prematurely identify new witnesses to replace its own witnesses who have left the company, or to re-open discovery twice—once now solely for Mr. Schechter, and then again as we get closer to trial. This would set a precedent in this case for never-ending discovery instead of allowing the parties to focus on settlement and summary judgment.[17]

### D. Defendant Has Not Adopted Any Inconsistent Positions

In an attempt to distract the Court from the fact that they have no cause for adding a new witness, Plaintiffs have manufactured a new, untimely dispute about one of Defendant's interrogatory responses. The two issues are completely different.

Defendant responded during fact discovery to Plaintiffs' interrogatory asking Defendant to "[i]dentify all documents upon which [Defendant] intends to rely in support of its affirmative defense of unclean hands." Defendant responded that the interrogatory was premature and that Defendant would supplement at a future date. If Plaintiffs had any objection to the timing or contents of Defendant's response, they should have raised the issue before the Court's deadline of May 10, 2018 for raising any final disputes about fact discovery. (Dkt. 93).

---

[14] Merck & Co., Inc. Form 8-K, Dec. 10, 2018 ("Mr. Schechter . . . will thereafter act as a special advisor . . . after which he will leave the Company.").

[15] Exclusion is warranted even if prejudice is minimal or can be cured if the testimony is not important or the party has deliberately delayed to gain a tactical advantage. *Konstantopoulos.,* 112 F.3d at 721 (excluding witness even where there was no finding whether prejudice could be cured).

[16] As an update, it is Defendant's understanding that the parties' General Counsel had a productive meeting in Germany this week and agreed to develop proposals for a global resolution. They are working to schedule a follow-up meeting this summer in New Jersey.

[17] *Gautier-Jamess v. Hovensa,*, 2011 WL 4500153, *8-9 (D.V.I. 2011) (excluding witness even if prejudice can be cured by re-opening rediscovery because discovery cannot continue indefinitely, especially where party engaged in gamesmanship by delaying disclosure).

Moreover, Defendant's interrogatory response was appropriate. Interrogatories such as Plaintiffs' that seek all documents upon which a party will rely are premature requests for a trial exhibit list, and Defendant will disclose its trial exhibit list in accordance with Federal Rule of Civil Procedure 26(a)(3), the local rules, and applicable orders of the Court.[18] At Plaintiffs' request, Defendant has agreed to serve a partial response prior to summary judgment, but such a list will still require supplementation prior to trial.

Unlike Mr. Schechter's testimony, which will be completely new, the documents on which Defendant will rely for its unclean hands defense are already within Plaintiffs' possession, either because they were Plaintiffs' to begin with (as they are Plaintiffs' own misconduct) or because they were exchanged in this litigation and the overseas litigations.[19]

### E. Now is Not the Time to Supplement Discovery

Defendant's position has always been consistent: any supplementation should be done closer to trial. Since trial could be two years away, it is likely that both parties will need to supplement discovery once a trial schedule has been set. Mr. Schechter, too, may be unavailable by the time of trial. Some of Defendant's witnesses have also left the company. It makes little sense to re-open discovery now for the sole purpose of deposing Mr. Schechter, when he may not even be available, and when there may be other witnesses who become unavailable, by the time of trial.

The appropriate time to supplement is before trial, when the issues have been narrowed by settlement discussions and summary judgment, and when both parties will know which of their witnesses, if any, are actually unavailable and what supplementation is therefore necessary.

Thank you for your consideration.

Respectfully submitted,

*s/*John E. Flaherty

John E. Flaherty

cc: Counsel of Record (via email)

---

[18] *Pasternak v. Kim*, 2011 WL 4552389, *3-4 (S.D.N.Y. 2011) ("a party is not required to review documents that have already been produced nor will a party be required to identify . . . documents where that information will subsequently be supplied in a pretrial order."); *Graco, Inc. v. PMC Global*, 2011 WL 1114233, *34 (D.N.J. 2011) (same); *York Grp v. Pontone,* 2012 WL 12895531, *4 (W.D. Pa. 2012) (same); *In re E.I. du Pont de Nemours*, 2015 U.S. Dist. LEXIS 178306, *1117 (S.D. Ohio 2015) (same). In not one of the three cases cited by Plaintiffs did the court exclude any evidence; instead in each case the party moved to compel (which is what Plaintiffs should have done by the May 2018 deadline) and the court allowed supplementation. Further, in *Fed. Dep. Ins.* and *Rivera*, the interrogatories did not seek documents on which the party *intended* to rely at trial, as Plaintiffs do here, but rather documents that the party already relied upon in asserting claims or defenses in the pleadings.

[19] Plaintiffs' claim that such documents were not produced in this litigation is inapposite for the same reason. Further, the parties have agreed that "[e]ach party may use in the above-captioned litigation relevant material exchanged in any other litigation between the parties (or their parents, subsidiaries and affiliates) relating to the word 'Merck' . . . ." (Dkt. 67).