IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERCK & CO., INC., and<br>MERCK SHARP & DOHME CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>MERCK KGAA,<br><br>Defendant. | Civil Action No.<br>2:16-cv-00266-ES-MAH<br><br>~~PROPOSED~~ ORDER TO SEAL<br>UNDER LOCAL CIVIL RULE<br>5.3 |

## [~~PROPOSED~~] ORDER

**THIS MATTER**, having been opened to the Court by Plaintiffs Merck & Co., Inc. and Merck Sharp & Dohme Corp., (collectively "Plaintiffs") and Defendant Merck KGaA ("Defendant," and, together with Plaintiffs, the "Parties") by way of Notice of Joint Motion to Seal for an Order pursuant to Local Civil Rule 5.3(c), sealing and/or redacting portions of the record relating to Defendant's Motion for Partial Summary Judgment and Plaintiffs' Opposition to the Motion (ECF Nos. 188-24, 188-26, 188-27, 188-28, 188-31, 188-32, 188-33, 188-34, 188-35, 188-36; 189; 189-1; 189-5, 189-6, 189-7, 189-9, 189-13, 189-14, 189-17, 189-18, 189-19, 189-22, 189-27, 189-28, 189-29, 189-31, 189-32, 189-33

and 192-1); and the Court having considered the submissions in support of the **Joint Motion to Seal** and the materials for which a sealing order is sought; and the Court having considered the factors in Local Civil Rule 5.3(c), the Court makes the following Findings of Fact and Conclusions of Law:

1. The Parties seek to protect what they view as confidential and proprietary materials identified in Exhibit A to the Declarations of Megan K. Bannigan in Support of Joint Motion to Seal and Benjamin M. Mundel in Support of Joint Motion to Seal.

2. No party opposes the Joint Motion or objects to sealing any of the materials identified in Exhibit A to the Declarations of Megan K. Bannigan in Support of Joint Motion to Seal and Benjamin M. Mundel in Support of Joint Motion to Seal. *The Court has received no opposition to the parties' joint motion.*

3. On January 10, 2022, Defendant filed the Memorandum of Law in Support of Defendant's Motion for Partial Summary Judgment, Rule 56.1 Statement of Undisputed Facts in Support of Defendant Merck KGaA's Motion for Partial Summary Judgment, and Declarations of Renee Connolly and Jonas Koelle with supporting exhibits. ECF Nos. 187, 187-1, 187-2, 187-3 and 187-4.

4. On January 10, 2022, Defendant filed the Declaration of Megan K. Bannigan, with supporting exhibits. ECF Nos. 188, 188-1 – 188-38.

5. On February 14, 2022, Plaintiffs filed Plaintiffs' Opposition to Defendant's Motion for Partial Summary Judgment. ECF No. 189.

6. On February 14, 2022, Plaintiffs filed Plaintiffs' Response to Defendant's Statement of Material Facts Not In Dispute and Supplemental Statement of Disputed Material Facts under Local Civil Rule 56.1. ECF No. 189-1.

7. On February 14, 2022, Plaintiffs filed the Declaration of Benjamin M. Mundel in Support of Plaintiffs' Opposition to Defendant's Motion for Partial Summary Judgment with supporting exhibits. ECF Nos. 189-2 – 189-34.

8. On March 3, 2022, Defendant filed its Reply Memorandum of Law in Further Support of Defendant's Motion for Partial Summary Judgment. ECF No. 192.

9. On March 3, 2022, Defendant filed its Response to Plaintiffs' Statement of Disputed Material Facts under Local Civil Rule 56.1. ECF No. 192-1.

10. ~~According to the Parties,~~ The above referenced materials and supporting exhibits contain information that is confidential or proprietary and non-public.

3

11. The specific information that the Parties claim is confidential or proprietary and non-public is set forth in Exhibit A to the Declarations of Megan K. Bannigan in Support of Joint Motion to Seal and Benjamin M. Mundel in Support of Joint Motion to Seal. ~~According to the Parties,~~ This information relates to confidential business activity of the Parties.

12. ~~The Parties assert that d~~isclosure of the materials identified in these Exhibits A would provide the public insight into confidential business information and would give competitors an unfair advantage. This information includes confidential branding and marketing strategy; internal assessments of branding as compared to competitors; marketing and advertising priorities, goals, budgeting and spending; and product sales revenues.

13. The Parties have a legitimate interest in protecting this information from disclosure and would suffer a clearly defined and serious injury if the materials identified in Exhibit A to the Declarations of Megan K. Bannigan in Support of Joint Motion to Seal and Benjamin M. Mundel in Support of Joint Motion to Seal were not sealed. The disclosure of trade secrets and other confidential information constitutes irreparable harm under both federal and state law.

4

14. At this time, there is no less restrictive alternative available other than to redact and seal the materials identified in Exhibit A to the Declarations of Megan K. Bannigan in Support of Joint Motion to Seal and Benjamin M. Mundel in Support of Joint Motion to Seal. The Parties have conducted substantial line-item redactions where it appears practicable to do so.

15. The Parties have complied with the requirements of Local Civil Rule 5.3(c).

**WHEREFORE**, the Court having found that the relief sought is warranted; and for other good cause shown:

IT IS, on this 19th day of April 2022, **ORDERED**:

1. The Parties' Joint Motion to Seal is **GRANTED**; and

2. The portions of the Parties' filings concerning the materials identified in Exhibit A to the Declarations of Megan K. Bannigan in Support of Joint Motion to Seal and Benjamin M. Mundel in Support of Joint Motion to Seal are hereby **SEALED**.

IT IS SO ORDERED

Hon. Michael A. Hammer
United States Magistrate Judge

5