

Cynthia S. Betz
Associate
T. 973-848-5377
F. 973-297-6636
cbetz@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
www.mccarter.com

January 26, 2023

**VIA ECF**

Hon. Michael A. Hammer, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: *Merck & Co., Inc., et. al. v. Merck KGAA*
Civil Action No. 16-266 (ES/MAH)

Dear Judge Hammer:

This firm, along with Sidley Austin LLP, represents Plaintiffs Merck & Co., Inc. and Merck Sharp & Dohme Corp. ("Plaintiffs") in the above-referenced matter. We write to oppose Defendant's January 23, 2023 letter (D.I. 214) asking the Court to change its December 19, 2022 Order (D.I. 212), which directs the parties to participate in a remote mediation, via Zoom, on February 10, 2023. Defendant seeks reconsideration of that Order and asks that the Court order the parties and counsel to appear in-person. Plaintiffs respectfully request that the mediation go forward via Zoom, in accordance with the Court's original direction.

The Court has already once resolved a disagreement raised in the parties' December 12, 2022 joint letter on whether this mediation should be held remotely or in-person. The Court decided on a remote format notwithstanding Defendant's prior claim that an in-person mediation would be more likely to succeed. *Id.* at 5. Plaintiffs disagreed, pointing out that Defendant's position was inconsistent with Defendant's own assessment that the last remote mediation overseen by this Court was a success. *Id.* at 3. As the Court will likely recall, that January 2021 Zoom mediation ran smoothly. The Court's technology permitted the parties to readily shift to and from joint sessions and electronic breakout rooms with a keystroke, without need to find physical accommodations for each side. The result was a frank, productive, and efficient exchange of views. Against that backdrop, the Court considered Defendant's request that the upcoming mediation be held in-person, and instead directed the parties to appear via Zoom again.

Defendant's primary ground for seeking reconsideration is that one of its in-house counsel, Mr. Koelle, is now available to travel to the U.S. for the mediation. Defendant further contends, as it did before, that mediation is more likely to result in settlement if it is in-person. Plaintiffs disagree. In fact, the parties have previously resolved overseas cases—including the recently settled Singapore case—remotely. That Singapore settlement shows that the success or

failure of this mediation will turn on whether the parties can bridge their substantive differences, not whether they are seated in the same room.

Moreover, Plaintiffs' counsel have committed to attend to other business matters (one a deposition in Texas, one a client meeting in Washington, DC) on February 9. Those commitments were made in reliance on the Court's existing order, as they would still be available via Zoom on February 10 itself. Plaintiffs' counsel ask that the Court not require them to change their travel plans and commitments based upon Defendant's preference for an in-person meeting.

Plaintiffs accordingly submit that the Court should maintain the current arrangement and hold the mediation of this matter via Zoom on February 10.

We appreciate the Court's attention to this matter.

Respectfully submitted,

/s/ Cynthia S. Betz

Cynthia S. Betz

cc: Counsel of Record (via ECF)