

**Cynthia S. Betz**
Associate
T. 973-848-5377
F. 973-297-6636
cbetz@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
www.mccarter.com

April 13, 2023

<u>VIA ECF</u>

Hon. Michael A. Hammer, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

   Re: *Merck & Co., Inc., et. al. v. Merck KGAA*
     <u>Civil Action No. 16-266 (ES/MAH)</u>

Dear Judge Hammer:

  We, along with Sidley Austin LLP, represent Plaintiffs Merck & Co., Inc. and Merck Sharp & Dohme Corp. ("Plaintiffs") in the above-referenced matter. We write in response to Defendant's April 12, 2023 letter to the Court (D.E. 219) regarding the Court's April 10, 2023 Order (D.E. 218).

  Defendant seeks to stay this case yet again, this time to accommodate Mr. Bernstein's planned leave of absence from his practice. Mr. Bernstein's leave will not commence until nearly two months from now, on June 5, 2023, and will not end until his expected return to his firm on October 2, 2023. Mr. Bernstein says he will need another two weeks thereafter to review and comment on the pre-trial order. All told, Defendant seeks the equivalent of a *six-month stay of this case* (from April 12, 2023 through October 16, 2023), based solely on Mr. Bernstein's schedule. But such lengthy leave by one attorney, even by KGaA's current lead counsel, does not justify changing the long-awaited pre-trial dates Your Honor ordered when there are available alternatives that would not burden Mr. Bernstein's planned leave.

  Plaintiffs proposed to accommodate Mr. Bernstein's leave plans in one of two ways. First, Plaintiffs proposed that the pre-trial dates set by this Court could be moved forward, with the Pretrial Order due on May 22, and the Pretrial Conference on June 1, so that the Pretrial Conference will be complete prior to the scheduled leave. Alternatively, Plaintiffs proposed that the pre-trial dates could remain as they are, and Plaintiffs would consent to permit Mr. Bernstein to be excused from the pre-trial conference. These proposals sought to accommodate Mr. Bernstein's planned leave while avoiding the serious prejudice that Plaintiffs would suffer if this case is once again stayed while Defendant presses forward with the parallel litigations that it continues to escalate in foreign jurisdictions.

  Mr. Bernstein immediately rejected Plaintiffs' proposed accommodations. And though he has asked Plaintiffs to accommodate his schedule, he has not offered to take a single step to

Hon. Michael A. Hammer, U.S.M.J.
April 13, 2023
Page 2

accommodate Plaintiffs' scheduling concerns.  He contends that it is not "possible" to prepare a proposed pretrial order and attend a pretrial conference before June 5, because both he and Ms. Bannigan plan to attend the INTA Annual Meeting (which is a 4-day conference occurring the week of May 16) and have various other travel plans in May and June.  But it should be possible for Defendant's counsel to work around these plans, including by asking other lawyers, such as Mr. Hamid—who led KGaA's team at the recent mediation of this matter—to supervise the work.

Mr. Bernstein contends that his extraordinary request would cause no prejudice to Plaintiffs because "the expected trial date for this case is not until 2025."  Bernstein Ltr. at 2. Plaintiffs have not been advised of any trial date.  Plaintiffs' understanding is that the trial calendar depends on Judge Salas' availability and that she has not yet informed either party of when trial will be scheduled.  Plaintiffs also understand that trial dates are not set in stone. Once a case is trial-ready, Judge Salas could accelerate the trial date if time opens in Her Honor's calendar – for example, if a scheduled criminal trial is resolved by plea.

Plaintiffs appreciate the demands on this Court's docket and that trial time is a scarce resource.  Plaintiffs submit that the appropriate course is therefore to move this nearly seven-year-old case forward expeditiously so that it is ready for trial whenever Judge Salas has availability to try the case.

We appreciate the Court's attention to this matter.

Respectfully submitted,

/s/ Cynthia S. Betz

Cynthia S. Betz

cc: Counsel of Record (via ECF)

ME1 44651407v.1