

**Cynthia S. Betz**
Associate
T. 973-848-5377
F. 973-297-6636
cbetz@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
www.mccarter.com

April 26, 2023

**BY ECF**

The Honorable Michael A. Hammer, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** *Merck & Co., Inc., et al. v. Merck KGaA*, **Civil Action No. 16-266 (ES/MAH)**

Dear Judge Hammer:

The parties write jointly concerning the schedule for the filing of a proposed pretrial order and a final pretrial conference. Pursuant to the Court's April 19 Order (ECF No. 221), the parties met and conferred but were unable to reach an agreement on revised dates. The parties' respective positions are set forth below.

**Plaintiffs' Position**:

Plaintiffs request that the Court adhere to the pre-trial dates that it has already calendared and directed the parties to comply with. (D.I. 218).

As the Court is aware, Plaintiffs initially sought to accommodate Mr. Bernstein's planned leave by proposing to accelerate the pre-trial dates selected by the court. That proposed resolution would have allowed the case to progress without any conflict with Mr. Bernstein's leave. Defendant, however, asserted other scheduling conflicts unrelated to Mr. Bernstein's leave, and the Court ultimately determined that it could not accommodate an earlier pre-trial conference date in any event.

Plaintiffs share the Court's concern about adopting a resolution that delays the pre-trial conference for many months to come. Plaintiffs first sought pre-trial dates last year after the summary judgment decision and do not wish to delay the pre-trial conference by another three months. As Plaintiffs explained during the parties' meet and confer, such a delay would deepen the prejudice Plaintiffs have suffered as Defendant has moved forward with its overseas claims against Plaintiffs while this case has been stayed.

Delaying the pre-trial conference will also delay the work that the parties must undertake thereafter. For example, fully briefed Daubert and *in limine* motions, trial briefs, proposed jury instructions, voire dire questions, special verdict sheets, and a joint trial exhibit list are due 45 days before trial. *See* Judge Salas' Form Pre-trial Order. The currently scheduled July 6 pre-trial conference permits the parties sufficient time thereafter to coordinate on and

The Honorable Michael A. Hammer, U.S.M.J.
April 26, 2023
Page 2

complete this work in the event there is a 2024 trial date. If the pre-trial conference were delayed until October, the parties would have significantly less time following the conference to prepare for a trial date.

During the meet and confer, Defendant modified its proposal in a way that is not materially different from its earlier proposal that this Court was "reticent" to accept. (D.I. 221). Defendant's prior proposal was that the deadlines for both the pre-trial order and the pre-trial conference should be delayed until after Mr. Bernstein returns in October. Defendant's modified proposal is that the pre-trial order should be submitted in September[1], during Mr. Bernstein's leave, but the pre-trial conference would continue to be delayed until after his October return to work. As noted, this proposal would add a further three months of delay, to Plaintiffs' detriment. That delay is unjustified when Defendant's other lawyers, including Mr. Hamid, are available for the July 6 pre-trial conference.

Plaintiffs submit that Defendant's latest proposal should be rejected and that the Court should direct the parties to comply with the pre-trial deadlines previously established by this Court and excuse Mr. Bernstein from attendance.

**Defendant's Position**:

Preparing the pretrial order for this complex litigation will be a substantial undertaking. To prepare the materials requested by Judge Salas for the Proposed Final Pretrial Order, the parties will need to review the voluminous discovery record in this case, which contains: (i) more than 114,000 produced documents (containing more than 3,000,000 pages of material); (ii) 17 fact deposition transcripts; (iii) 19 expert reports; and (iv) 16 expert witness deposition transcripts. From these materials, the parties will need to:

- list those facts that are uncontested, including answers to interrogatories and requests to admit, and prepare number paragraphs listing all stipulated facts;

- list facts on which they intend to request that the Court take judicial notice and any objections thereto;

- list all contested facts as to both liability and damages (including, for contested facts related to damages, each item of damages sought by plaintiff, the amount of each such item, the factual basis for each item, the facts upon which plaintiff will rely to

---

[1] Defendant states that the pre-trial order requires work, but Defendant's bulleted pre-trial order tasks are standard in this District; there are actually fewer requirements for non-patent cases such as this. The parties were well aware of what the pre-trial order entails well before the Court calendared it for June 22. In any event, the parties still have plenty of time—nearly two more months—to complete the pre-trial order before June 22.

The Honorable Michael A. Hammer, U.S.M.J.<br>
April 26, 2023<br>
Page 3

    establish punitive damages, and the facts on which defendant will rely for each defense against plaintiff's damages claims);

- prepare detailed witness lists, including summaries of each witness' testimony and any objections thereto;

- identify any objections to any expert witness' qualifications;

- list by page and line all deposition testimony from the 17 fact depositions in this case that will be offered into evidence, separated by liability and damages, along with identification of all objections thereto;

- prepare detailed exhibit lists, drawn from the millions of pages of documentary exhibits produced in discovery, including identification of the grounds for objections thereto;

- list all legal issues in the case;

- meet and confer about objections to the opinions in the 19 expert reports and, if agreement cannot be reached, provide the Court with a description of the nature of each *Daubert* motion to be filed and a schedule for the briefing and return dates for those motions;

- meet and confer about contemplated motions *in limine*; again, to the extent agreement cannot be reached, the parties will need to provide the Court with a description of the nature of each motion *in limine* to be filed and a schedule for the briefing and return dates for those motions;

- meet and confer about any phasing or bifurcation; and

- negotiate stipulations regarding trial procedures.

In light of the complexities of this case, and the fact that the parties have devoted their efforts since the close of discovery in 2019 to negotiating a global settlement rather than preparing this case for trial, preparing these detailed materials will take many months of effort, including negotiations between the parties, exchange of drafts, and exchange of comments on those drafts. Putting aside defense counsel's upcoming schedule, it would be extraordinarily difficult to navigate the complexities of this Proposed Final Pretrial Order by June 22, as initially proposed by the Court.

Defendant submits that a three month extension of that period, until September 22, would provide the parties with an appropriate period of time to confer about these many issues, negotiate the necessary lists and disclosures, prepare drafts of their sections of the proposed

The Honorable Michael A. Hammer, U.S.M.J.
April 26, 2023
Page 4

final pretrial order, and exchange comments on those sections so that the parties can be prepared to submit a single, joint proposed final pretrial order to Judge Salas.

If the final pretrial order can be completed by mid-September, Defendant believes it would be appropriate to schedule the final pretrial conference in October. As previously discussed, defendant's lead counsel will be back from his leave of absence in early October, and would be prepared to attend the pretrial conference with the Court as early in October as the Court is available.

During the parties' conference on April 21, Plaintiff objected to this proposed compromise schedule on the ground that it would unnecessarily delay the final resolution of this case, that a three-month stay of the case is unwarranted, and that the delay would prejudice Plaintiff. Plaintiff did not, however, identify any particular prejudice that this three-month extension would cause, especially given that this case has been pending for more than seven years. The only compromise that Plaintiff offered was to excuse Defendant's lead counsel, David Bernstein, from attending the final pretrial conference, but given the substantial issues that will be discussed with the Court at that conference, holding the conference when Mr. Bernstein is unable to attend would clearly be prejudicial to Defendant. That prejudice is unwarranted given that trial of this case is certainly not going to happen this year, and that Judge Salas' procedures contemplate further submissions at least 45 days before trial. Thus, even if this case can be scheduled for trial in 2024, there will be no prejudice to Plaintiff if the final pretrial conference is held in early October 2023.

To be clear, Defendant is *not* proposing a *stay* of this litigation. Rather, Defendant is merely proposing that the parties be given an additional three months to resolve the open discovery issues and to fully and fairly prepare their respective cases for trial. Even putting aside Mr. Bernstein's and Ms. Bannigan's conflicts with the currently scheduled dates (as detailed in Defendants' letter at ECF No. 219), the parties will require additional time to prepare the detailed final pretrial order requested by Judge Salas.

Defendant therefore respectfully requests that the Court grant a three-month extension and amend the deadline for the submission of the joint proposed pretrial order to September 22, 2023 and that the final pretrial conference be scheduled at the Court's convenience no earlier than the first week of October so that Mr. Bernstein can attend.

\*    \*    \*

We appreciate the Court's attention to this matter.

Respectfully,

*/s/ Cynthia S. Betz*

Cynthia S. Betz