**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

**Megan K. Bannigan**
Partner
mkbannigan@debevoise.com
Tel +1 212 909 6127

February 3, 2026

**BY ECF**

The Honorable Michael A. Hammer, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re: *Merck & Co., Inc., et al. v. Merck KGaA*, Civil Action No. 16-266 (ES/MAH)**

Dear Judge Hammer:

This firm, along with Blank Rome LLP, represents Defendant Merck KGaA in the above-referenced matter. We write on behalf of all parties regarding the Final Pretrial Conference that the Court has scheduled for February 19, 2026, at 11:00 a.m. (ECF No. 310.)

**Defendant's Position**

Defendant respectfully requests a brief adjournment of the Final Pretrial Conference to accommodate the previously scheduled unavailability of Defendant's corporate representative, Jonas Kölle, during the week including February 19.

On Defendant's behalf, Mr. Kölle has supervised every aspect of this case since its inception and has also led the settlement negotiations between the parties. In light of his role as Defendant's corporate representative, Mr. Kölle personally attended the last Pretrial Conference and would like to attend the upcoming conference.

Defendant is available the following week, from February 23–26, 2026, and respectfully requests that the Court adjourn the Final Pretrial Conference to one of those dates. Defendant informed counsel for Plaintiffs of its corporate representative's unavailability last week and Defendant's intention to request this adjournment, along with Defendant's availability for the week following the current scheduled date, but did not receive confirmation of Plaintiffs' availability during that period until today.

If the Court is not available from February 23–26, please let us know, and we will confer with Plaintiffs' counsel to propose other dates on which the parties are available.

**Plaintiffs' Position**

If the Court is available during the February 23–26 timeframe, Plaintiffs are amenable to rescheduling during that period and will make themselves available at a time convenient to the Court.

But if the Court cannot accommodate Defendant's request for the week of February 23, Plaintiffs respectfully submit that the conference should proceed on February 19, as currently scheduled.

The context for Plaintiffs' position is that Defendant has repeatedly sought and obtained adjournments of final pretrial conferences in this matter. For example, a prior pretrial conference was originally set for July 6, 2023. That conference, and the submission of the proposed pretrial order, were postponed at Defendant's request. Then, subsequent dates were adjourned multiple additional times at Defendant's urging, due to the stated unavailability of Defendant's counsel. *See e.g.*, D.I. 219 (April 12, 2023 letter), 223 (April 27, 2023 Order), 233 (October 10, 2023 letter), 234 (October 20, 2023 Order), 235 (November 30, 2023 letter), 236 (December 1, 2023 Order). In total, those rescheduling requests caused a delay of nearly eight months in the scheduling of the prior pretrial conference – from July 6, 2023 to February 29, 2024. *See* D.I. 236, 245. Notably, in its text order directing the last of those postponements, the Court stated that "[t]here shall be no further adjournments for any reason." *See* D.I. 236.

This time, Defendant does not contend that its trial counsel are unavailable on February 19, 2026, the date set by the Court. Defendant now seeks an adjournment because one of its corporate representatives, Mr. Kölle, would like to attend but states that he is unavailable on February 19. Moreover, the Court has not ordered corporate representatives to attend this virtual conference. Nor has Defendant explained why a different corporate representative could not attend for KGaA.

In these circumstances, Plaintiffs respectfully submit that the Court should not grant a delay of the final pretrial conference past February 26. As this Court is aware, this case has been pending since 2016. During that time, Defendant has continued to misuse Merck's name in the United States. Delays in the proceeding of this case therefore work to Plaintiffs' detriment.

We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Megan K. Bannigan*
Megan K. Bannigan

cc:     All Counsel of Record (by ECF)