**McCarter & English**

**Mark M. Makhail**
Partner
T. 973-639-2092
F. 973-297-6636
mmakhail@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
www.mccarter.com

April 16, 2026

**VIA ECF**
Hon. Michael A. Hammer, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: *Merck & Co., Inc., et al. v. Merck KGaA*, Civil Action No. 16-266 (ES/MAH)

Dear Judge Hammer:

As KGaA notes, Third Circuit courts read Rule 26(e) to impose a "narrow" but important duty to supplement when a prior disclosure is materially incomplete. Opp. 6–7.[1] KGaA does not dispute (i) that it did not produce financials beyond 2017 even though Merck's document request was open-ended, or (ii) that it has, and can readily produce, updated financial information. KGaA instead tries to rework Rule 26(e), and then leans into its scare tactic—grant supplementation and all discovery reopens. Statutory language and KGaA's cited cases show that KGaA is wrong.

### A.  "Good Cause" Is Not Part of the Rule 26(e) Standard

KGaA argues for the first time in its opposition that Merck must show "good cause" under Rule 26(e)—and then, bizarrely, argues that Merck cannot respond to its new argument. Opp. 4. Both positions are misplaced. "Good cause" is a standard drawn straight from the text of *Rule 16*. KGaA thus cites a series of *Rule 16* cases that considered good cause when extending discovery order deadlines. Opp. 4. Those cases do not mention Rule 26(e). And Rule 26(e) contains no good cause requirement. It requires a party that made a prior disclosure to supplement when its stated conditions are met. Consistently, cases applying Rule 26(e) do not demand a good cause showing

---

[1] "Br. _" and "Opp._" as used herein refer to the corresponding pages of Merck's opening letter brief (ECF No. 323) and KGaA's opposition letter brief (ECF No. 336).

Hon. Michael A. Hammer, U.S.M.J.
March 16, 2026
Page 2

either. *See Thomas & Betts*, 2010 WL 2400151, at \*4 ("no showing of cause is necessary to compel a party to update [financial] information already deemed discoverable" under Rule 26(e)).

KGaA's motive to rewrite Rule 26(e) is transparent: it wants to avoid more damages. But shifting blame to Merck for not requesting this update sooner is no excuse. As explained (Br. 3), Merck's 2017 document request already asked for this data. Merck need not repeat that ask—Rule 26(e) already obligated KGaA to update its response. The Court's recent decision to keep disgorgement in the case (ECF No. 302 at 11-12) is all the more reason to address this now. And even if Merck had moved earlier, KGaA would still need to bring its financial data current for trial.

**B.     KGaA's Arguments Against Supplementation Defy Law and Logic**

KGaA concedes that its profits for the "infringement period" are relevant to disgorgement. Opp. 5–6. That concession should resolve the narrow Rule 26(e) disclosure question because Merck contends KGaA has not stopped infringing. Br. 6 (allegations in *both* liability and damages pretrial order sections). KGaA quibbles with this, but is careful not to claim cessation—it even acknowledges that "some of the conduct at issue is allegedly continuing." Opp. 7.

KGaA resists supplementation by arguing that damages end with the fact discovery period. That makes no sense. Damages periods often run past fact discovery, and KGaA's cases don't say otherwise. KGaA cites cases where infringement stopped before trial. Even they awarded disgorgement until infringement ended, not based on when fact discovery closed. *Deltona Transformer*, 2023 WL 6376363, at \*5; *Shenzhen Kinwong Elec.*, 2025 WL 2337095, at \*2.

KGaA then contends updating financials after fact discovery would require "reopening" discovery to all issues. Opp. 9–10. Again, KGaA cites no case that supports its claim. *Id.* In fact, its own cases distinguish Rule 26(e)'s "discrete duty to supplement" from improper requests for "ongoing production." *Kuhns*, 2010 WL 4236873, at \*2–3 (Rule does not require additional liability evidence); *see also Zydus Worldwide*, 2025 WL 2057828, at \*4 (Rule excludes new expert assumptions); *Raritan Baykeeper*, 2022 WL 915846, at \*1 (Rule excludes new tests).

Hon. Michael A. Hammer, U.S.M.J.
March 16, 2026
Page 3

KGaA ultimately admits supplementation is required when damages accrue up to trial for patents and trade secrets, but argues trademark cases are categorically different. Opp. 8–9. KGaA cites no case that stands for such a blanket exclusion. To the contrary, the Court can award trademark damages up to trial. *See, e.g., Pizza Inn, Inc. v. Odetallah*, Civ. No. 21-00322, 2022 WL 17475784, at *4 (W.D. Okla. Dec. 6, 2022) (awarding disgorgement through first day of trial). And KGaA's blanket rule conflicts with the Lanham Act itself, which gives the Court "broad discretion in shaping remedies." *Banjo Buddies*, 399 F.3d at 177; 15 U.S.C. § 1117(a) (court may disgorge the sum that it "shall find to be just, according to the circumstances of the case").

*Thomas & Betts* forecloses KGaA's arguments. Updated financials did not "reopen" discovery (Br. 8), nor was all discovery revisited as a result. KGaA now distinguishes *Thomas & Betts* as limited to past infringement with ongoing harm. Opp. 7–8. But it was the continued *use* of trade secrets there that required updated financials, not just a one-time misappropriation. *Thomas & Betts*, 2010 WL 2400151, at *3–4. In any event, disgorgement does not parse between KGaA's profits for past and continued infringement. Both inflict ongoing harm. Br. 6.

KGaA cannot avoid the straightforward application of Rule 26(e) to its financial records. The text of Rule 26(e), this Court's precedent, and the common practice of updating financial information before trial all compel supplementation.

Respectfully submitted,

*/s/ Mark M. Makhail*
Mark M. Makhail

CC: All counsel of record (via email)