**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**MERCK & CO., INC., et al.,**

                          **Plaintiffs,**

       **v.**

**MERCK KGAA,**

                          **Defendant.**

**Civil Action No. 16-266 (ES) (MAH)**

**ORDER**

       **THIS MATTER** having come before the Court by way of the parties' March 16, 2026, April 9, 2026, and April 16, 2026 letters concerning the request of Plaintiffs Merck & Co. Inc and Merck Sharp & Dohme LLC ("Plaintiffs") that Defendant Merck KGaA ("Defendant") update the documentary evidence regarding United States sales and expenses that Defendant previously produced in response to this Court's Order on February 19, 2026 [*see* Order, D.E. 317; Pl.'s Letter, D.E. 323; Def's Letter in Opp'n, D.E. 336; Pl's Reply Letter, D.E. 338];

       and it appearing that Plaintiffs seek updated financial records so that its expert may "analyze [Defendant]'s additional profits," [Pl.'s Letter, D.E. 323, at 2];[1]

       and it appearing that Defendant objects to Plaintiff's request, arguing that Plaintiffs have "remain[ed] silent on the need for any further discovery during the eight years that have passed since fact discovery closed," and that Plaintiffs fail to "attempt to show good cause for [the] delay," [Def.'s Opp'n, D.E. 336, at 1];

---

[1] Defendant previously produced four spreadsheets that contained data from 2016 and 2017. Specifically, Defendant produced: (1) "US Sales Promotion Summary Reports from 2010 through May 2017[;]" (2) "Consumer Healthcare Sales Summary Reports from 2008 through 2017[;]" (3) "Total Sales and Revenues from 2008 through 2016[;]" and (4) "2016 Legal P&L Total Revenues[.]"  Pl.'s Letter, D.E. 323, at 3 n.1.

and Defendant also arguing that "Rule 26(e) does not permit endless discovery, even based on a theory of continuing infringement[,]" [*id.* at 5];

and Defendant additionally arguing that allowing the requested supplemental discovery would require "all other discovery into both liability and damages [to] be extended as well," [*id.* at 9];

and the Court having considered the parties' submissions, the record, and the applicable law;

and the Court having considered the instant dispute without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1;

and Federal Rule of Civil Procedure 26 providing, in part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and so long as the burden of such discovery does not outweigh its likely benefit, Fed. R. Civ. P. 26(b)(1);

and it being well settled that Federal Rule of Civil Procedure 26 permits parties to seek discovery "which would encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case," *AdvanSix Inc. v. Allianz Global Risks US Ins. Co.*, No. 21-7962, 2023 WL 179963, at *2 (D.N.J. Jan. 13, 2023) (collecting cases); *Trocki Hotels, LP v. Choice Hotels Int'l, Inc.*, No. 10-5177, 2012 WL 12898793 (D.N.J. Apr. 23, 2012) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978));

and Rule 26(e)(1)(B) further providing that "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . as ordered by the court[,]";

and the Court finding that the financial information Plaintiff meets the Rule 26 standard for relevance concerning Plaintiff's damages theories;[2]

---

[2] The Court takes no position as to whether Plaintiff will prevail on any theory of recovery, including disgorgement. This is not a dispute about the ultimate merits of Plaintiff's theories of recovery. That is a matter for trial. The issue here is whether Plaintiff is entitled to discovery that might be relevant to its claims or damages.

For the following reasons, the Court finds that Plaintiff is entitled to the discovery it seeks. First, Plaintiff seeks only updated financial information of the same scope and form as Defendant previously produced. Updating the financial information at this point is appropriate to ensure that the damages theories are fully explored in the event of trial. *Thomas & Betts v. Richards Mfg. Co.*, No. 01-4677, 2010 WL 2400151, at *4 (D.N.J. June 10, 2010) (finding that the "[p]laintiff correctly assert[ed] that no showing of cause is necessary to compel a party to update information already deemed discoverable"). Plaintiff seeks disgorgement as a potential remedy in this matter. Indeed, that was the basis for the Defendant's production of the four spreadsheets covering financial information to 2016 and 2017. The requested information is plainly relevant so that Plaintiff may have a fair opportunity to prove Defendant's sales, and to respond to any showing by Defendant as to its costs and deductions, the updated information. *Auto Konnect, LLC v. BMW of N. Am., LLC*, No. 18-14019, 2019 WL 12338328, at *3 (E.D. Mich. Sept. 24, 2019) (stating, without deciding the issue of whether New Jersey law recognizes disgorgement as a theory of recovery under the plaintiff's claims, that discovery regarding the defendant's profits must be turned over); *AdvanSix Inc.*, 2023 WL 179963, at *2 (permitting parties to seek discovery on issues that "may be in the case").

Second, Defendant's argument that Plaintiff's "request would require reopening discovery into facts and expert opinions relevant to both liability and damages since 2017" is unpersuasive. D.E. 336, at 2. Courts in this district have granted similar requests for updated financial information without reopening discovery. *See Thomas & Betts*, 2010 WL 2400151, at *4-6 (granting request for updated financial information but denying two other requests because they were essentially requests to reopen discovery). Additionally, Defendant does not explain how the burden of production outweighs the probative value of an updated damages calculation. And given that the updated information is data that is gleaned in the ordinary course of business, to be produced in the same format as the prior production, the Court does not independently identify any undue burden on Defendant.

Finally, the Court respectfully disagrees with Defendant that Plaintiff must first satisfy the good-cause standard. The good cause standard is drawn from Rule 16(b)(4), and applies to modifying a schedule. Plaintiff is not seeking to modify a schedule or reopen discovery, at least in the sense that the additional discovery is extensive or requires a considerable period of time to complete, thereby affecting subsequent deadlines. Plaintiff instead merely seeks updated financial information in an abbreviated format that is similar to the prior production. As such, Rule 26(e)(1)(b) governs Plaintiff's request, and contains no such good-cause requirement.

and the Court therefore finding good cause to grant Plaintiff's request for the production of documents, as per the below;

**IT IS ON THIS 9TH DAY OF JULY 2026,**

**ORDERED THAT:**

1. Defendant shall produce to Plaintiffs updated financial data in this matter.[3] The updated financial data shall conform to the documents already produced by Defendant and identified by Plaintiffs as "MERCK01023006," "MERK01023007," "MERCK01023012," and "MERCK01023026." D.E. 323, at 3 n.1. Should the information contain proprietary or confidential information, Defendant may designate that information under the DCO as such.

s/ Michael A. Hammer\
**Hon. Michael A. Hammer**\
**United States Magistrate Judge**

---

Moreover, even if Plaintiff had to show good cause, the Court is satisfied that it has done so for the reasons set forth in this Order.

[3] Plaintiff, as party requesting the updated financial information, is unclear about the proposed cutoff date. Further, a trial date has not yet been set. Accordingly, the parties will meet and confer concerning an appropriate cutoff or end date for the updated financial information that Defendant will produce.